CHARLES O. GAGE & others *vs.* CHARLES L. STEINKRAUSS & another.

Middlesex.   March 18. — April 25, 1881.   COLT, LORD & DEVENS, JJ., absent.

The right to cut ice in a great pond in this Commonwealth "against all the land owned by" the grantor "and bordering on said pond," cannot be conveyed by the deed of an owner of land on the shore of the pond, who has acquired no rights, as against the public, in the water of the pond or in the land under it, by grant from the Legislature or by prescription; and the covenants of warranty in the deed do not run with the land, so as to bind a subsequent grantee of the land.

BILL IN EQUITY to restrain the defendants from cutting ice in Spy Pond. Hearing before *Ames*, J., who reserved the case for the consideration of the full court; such judgment to be entered as justice might require. The facts appear in the opinion.

*H. G. Parker & J. H. Hardy*, for the plaintiffs.

*E. R. Hoar & B. F. Hayes*, for the defendants.

ENDICOTT, J. No question is made that, under the laws of this Commonwealth, Spy Pond is a great pond. It is therefore public property, and the right to cut ice therefrom for use or sale is common to all, and the owners of the shores have no peculiar right in the water or ice, or in the land under them, except by grant of the Legislature, or by prescription from which a grant is to be implied. Anc. Chart. 148. *Cummings* v. *Barrett*, 10 Cush. 186. *Hittinger* v. *Eames*, 121 Mass. 539, and cases cited.

It is not contended that the plaintiffs or their grantors have acquired any rights in the water of the pond or in the land under it, by grant from the Legislature or by prescription. But they rest their right to maintain this bill upon the provisions of a deed wherein True W. Seaver, who was then the owner of the land, now held by the defendants, conveyed to James and Joseph Hills " their heirs and assigns the right to cut ice on Spy Pond . . . . against all the land owned by me and bordering on said Pond . . . . meaning hereby to convey to said Hills all the right to cut ice from said pond which I now have or may at any time have by virtue of any title to the said land

bordering as aforesaid on said pond." The grantor then reserves to himself the right to cut ice sufficient for the use of a public house, and the deed contains the usual covenants that the grantor is lawfully seised of the premises, that he has the right to convey, and will warrant and defend the same against all persons. The right thus granted was afterwards conveyed to the plaintiffs.

No interest in the land of Seaver on the shore of the pond passed by the terms of this deed; for the rights granted are in the pond itself, " against," that is, outside and beyond the limits of the land. As owner of the shore, he had no title whatever in the water or in the ice of the pond, and had no greater right therein than the general public, though he may have had a more easy access to the same. It was an attempt to convey an exclusive privilege in a pond which belonged to the public, in which both parties had an equal interest with the public. Such a conveyance can have no effect to abridge the rights of the public. Nor can it have any effect against the defendants, who now hold the land then owned by Seaver, against which he conveyed the right to cut ice. The deed itself imposes no restriction upon the use of that land, and in the deeds under which the defendants derive their title no reference is made to it.

Whether the benefit of the covenants in the deed of Seaver passed to the plaintiffs as his assigns we need not inquire. But the burden of the covenants did not run with the land, so as to bind the present owners, for reasons stated in *Hittinger* v. *Eames,* 121 Mass. 539–548. From that case the case at bar is not to be distinguished. *Bill dismissed.*