COMMONWEALTH *vs.* NATHANIEL G. STAPLES.

Plymouth. March 12, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Board of Health. Water Supply. Great Pond. Municipal Corporations.*

Whether under R. L. c. 75, § 113, authorizing the State board of health to "make rules and regulations to prevent the pollution and to secure the sanitary protection, of all such waters as are used as sources of water supply," that board have power to make a regulation forbidding the cutting of ice on a great pond so used, without a permit in writing from that board, *quaere.*

Under St. 1897, c. 510, § 1, now R. L. c. 75, § 113, authorizing the State board of health to "make rules, regulations and orders for the purpose of preventing the pollution, and securing the sanitary protection" of such waters as are used as sources of water supply, that board have no power to make a regulation forbidding the cutting of ice, in a great pond so used, without a permit in writing from the board of water commissioners of the city in which the pond is situated, thus attempting to delegate to another board the right to grant or withhold such a permit.

COMPLAINT, received and sworn to in the Fourth District Court of Plymouth on February 7, 1905, alleging that the defendant on January 19, 1905, entered upon Assawompsett Pond in Lakeville, used by the city of Taunton as a source of water supply, for the purpose of cutting and taking ice therefrom without a written permit signed by the board of water commissioners of that city, contrary to the rules made and established by the State board of health.

On appeal to the Superior Court the case was tried before *Gaskill,* J. The regulation of the State board of health alleged to have been violated was as follows :

"No person shall enter upon Elder's Pond, situated in the Town of Lakeville, or upon Assawompsett Pond, situated in the Towns of Lakeville and Middleboro, said ponds being used by the City of Taunton as sources of water supply, for the purpose of cutting and taking ice, or cut or take ice from either of said ponds, without a written permit, signed by the Board of Water Commissioners of the City of Taunton, stating the time and place for which such permission is given."

The case was submitted to the jury upon an agreed state-

ment of facts. It was agreed that Assawompsett Pond is a great pond, and was used by the city of Taunton as a source of water supply, and that the State board of health on June 14, 1902, made the regulation printed above, complying with the provisions of R. L. c. 75, § 114, in regard to publication of notice; that the defendant, without obtaining permission from the water commissioners of the city of Taunton as required by the regulation, entered upon the pond on the day alleged for the purpose of obtaining ice to be used for domestic purposes and cut without such permit about five tons of ice, and that in doing so he did not in any way affect the purity of the water or do any act that tended to cause pollution of any kind whatever, and that his act in no way interfered with the city's use of the water; that he had the right of access to the pond and entered upon it using proper care. It further was agreed that at the time the defendant was cutting ice other persons were cutting ice upon the pond, having permits from the water commissioners of the city of Taunton, and that, although the acts done by the defendant did not in any way tend to pollute or affect the quality of the water, the cutting of ice on the pond under certain conditions might pollute the water of the pond.

The defendant asked the judge to order a verdict of not guilty. This he refused to do, and instructed the jury that upon the facts agreed they would be warranted in finding the defendant guilty of the offence charged in the complaint. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. C. Bumpus,* (*J. B. Sullivan, Jr.,* with him,) for the defendant.

*T. E. Grover,* District Attorney, for the Commonwealth.

LORING, J. The regulation here in question was made under St. 1897, c. 510, § 1, (now R. L. c. 75, § 113,) which gives the State board of health " authority to make rules, regulations and orders for the purpose of preventing the pollution and securing the sanitary protection " of ponds used *inter alia* as sources of water supply.

It is not necessary to decide whether the principle acted on in *Commonwealth* v. *Sisson,* 189 Mass. 247, and in *Brodbine* v. *Revere,* 182 Mass. 598, would enable the State board acting under

this statute to make a regulation requiring a permit to cut ice on such ponds.

However that may be, the act under which the regulation here in question was made does not authorize the board to delegate the granting or withholding of such a permit to another board, in this case the board of water commissioners of the city of Taunton. For this reason the regulation in question is void, and it does not become necessary to consider the other objections to it raised by the defendant.

*Exceptions sustained.*