HENRY H. SPRAGUE & others *vs.* JOSEPH F. MINON.

Suffolk. March 15, 18, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* To enforce regulation of metropolitan water and sewerage board. *Metropolitan Water and Sewerage Board. Great Pond. Evidence,* Relevancy and materiality. *State Board of Health.*

Under Sts. 1895, c. 488, §§ 3, 10; 1901, c. 168, requiring the metropolitan water and sewerage board to construct, maintain and operate a system of metropolitan water works and to secure and protect the purity of the water of such system, and providing that such board " shall have the exclusive right and control over all ponds and reservoirs used by them in supplying water, and may order all persons to keep from entering in, upon and over the waters thereof," such board has power to adopt and enforce a regulation that no person who has not a license from them shall boat upon the waters of a great pond which is a part of the metropolitan water works system, and may maintain a bill in equity to enjoin one using such waters for boating without such license.

At a hearing on a bill in equity brought by the metropolitan water and sewerage board to enjoin the defendant from boating upon a great pond which is a part of the metropolitan water works system in violation of a regulation of such board made under Sts. 1895, c. 488, §§ 3, 10; 1901, c. 168, that no person shall boat upon such pond without a license from them, the defendant offered evidence, which was excluded, tending to show that the regulation was unnecessary to preserve the purity of the water and that the use contemplated by him would not injure anybody. *Held,* that the power given to the board by the Legislature to keep persons from entering upon the waters of the pond included the power to permit persons to go upon the pond under reasonable regulations, that the regulation violated by the defendant was reasonable and that the evidence offered therefore was immaterial and was excluded rightly.

The power given to the State board of health by St. 1895, c. 488, § 24, to make rules and regulations for the sanitary protection of all waters used by the metropolitan water board is intended to protect the interests of water takers that are not sufficiently protected under § 10 of that statute. The right of the State board of health to make regulations under § 24 was not considered in this case.

BILL IN EQUITY by the members of the metropolitan water and sewerage board to enforce certain rules and regulations of the board with regard to the use of Lake Cochituate, filed in the Supreme Judicial Court for the county of Suffolk on July 27, 1906.

There was a hearing before *Morton,* J.

It appeared that the State board of health had adopted a

regulation that "no persons other than a member of the said Metropolitan Water Board, its officers, agents or employés, or public officers whose duties may so require, shall, unless so permitted by regulation or permit of the said board, enter or go, in any boat, skiff, raft, or other contrivance, on or upon the water" of Lake Cochituate.

The plaintiffs as a board adopted regulations prohibiting the use of the lake for boating purposes except by persons licensed by them.

The defendant owned an estate adjoining the lake and a boat house and a wharf and, up to the time of the adoption of the regulation limiting the use of the lake to licensed persons, had freely used the lake for pleasure boating. At the time of the filing of the bill of complaint, he was continuing such use without having procured a license from the plaintiffs and persisted in such use under a claim of right.

The defendant offered evidence tending to show, in substance, that the use contemplated by him in no way endangered the purity of the water supply, and that the regulation of the plaintiffs was unnecessary. The presiding justice ruled that the evidence offered was incompetent and immaterial, ordered a decree enjoining the defendant from further use of the lake without license from the board, and reported the case to the full court for further consideration and determination.

*D. Malone,* Attorney General, *& F. B. Greenhalge,* Assistant Attorney General, for the plaintiffs.

*E. C. Bumpus, (H. C. Mulligan* with him,) for the defendant.

KNOWLTON, C. J. This is a bill for the enforcement of an order of the metropolitan water and sewerage board in regard to boating on Lake Cochituate. There is no dispute that the defendant has frequently violated the order, and is persisting in his violation, claiming a right so to do.

This lake is a great pond, and its waters have been taken and appropriated for domestic use by the inhabitants of the metropolitan water district. The plaintiffs are the metropolitan water and sewerage board, appointed under the St. 1895, c. 488, and the amendments thereto. By § 3 of this act the board is required to construct, maintain and operate a system of metropolitan water works to provide a sufficient supply of pure water,

and to " secure and protect the purity of said water." Section 10 provides that, " said board shall have the exclusive right and control over all ponds and reservoirs used by them in supplying water, and may order all persons to keep from entering in, upon or over, the waters thereof and the lands of the Commonwealth, city or town, surrounding the same," etc.   This provision is made in the interest of the inhabitants to whose use the water is appropriated, for the purpose of preventing interference with the works or the operation and management of them, and especially to secure and preserve the purity of the water.   The defendant has no private rights in this great pond, but he sets up his right as one of the public to use its waters for fishing, boating, cutting ice and other like purposes.

There is no doubt that the control of the great ponds in the public interest is in the Legislature that represents the public. It may regulate and change these public rights, or take them away altogether to serve some paramount public interest. *Hittinger* v. *Eames*, 121 Mass. 539, 546. *Paine* v. *Woods*, 108 Mass. 160, 169.   *Commonwealth* v. *Vincent*, 108 Mass. 441, 447.   *Commonwealth* v. *Tiffany*, 119 Mass. 300.   *Gage* v. *Steinkrauss*, 131 Mass. 222.   *Watuppa Reservoir Co.* v. *Fall River*, 147 Mass. 548, 557, 564, 567. ` *Rockport* v. *Webster*, 174 Mass. 385, 392.   The Legislature having seen fit to devote the water of the lake to a public use for the benefit of the inhabitants of the metropolitan water district, it was in its power to deprive the general public of the right to go upon it with boats or otherwise, on the ground that a safe and advantageous use of the water for drinking, and for other domestic purposes, would be best promoted by terminating this former public right and putting the property in the control of the water board.   It could, therefore, give to this board, as its representative, power to exclude all persons from these waters, and from the lands of the Commonwealth, city or town surrounding them.   This power naturally and properly might include the right to permit persons to go upon them under reasonable regulations.   *Brodbine* v. *Revere*, 182 Mass. 598, 601.   *Sprague* v. *Dorr*, 185 Mass. 10.   *Commonwealth* v. *Sisson*, 189 Mass. 247.   *Commonwealth* v. *Plaisted*, 148 Mass. 375.   This legislation might be enacted under the sovereign power of the State to control and regulate

our public rights, as there are no private rights of property in the great ponds, or it might be enacted in the exercise of the police power, for the protection of the public health and the public safety. Where private rights are involved this last power must be invoked. See *Sprague* v. *Dorr, ubi supra ; Nelson* v. *State Board of Health,* 186 Mass. 330.

In view of these considerations, it was not open to the defendant at the trial to show that the action of the metropolitan water and sewerage board was unnecessary, and that boating by him and others, as ordinarily practised, would be harmless. The Legislature determined, as it had a right to determine, whether it should exercise the power to exclude the public from these waters.

There is nothing to show that the board did not act reasonably in prescribing regulations for permitting the use of the lake by the public in certain parts, and to a certain extent. The fact, if it be a fact, that the defendant might have used the lake for boating in violation of the regulations without actual injury to anybody, is immaterial.

We have not considered the right of the State board of health to make rules and regulations for the sanitary protection of all waters used by the metropolitan water board under the St. 1895, c. 488, § 24, for the order before us was made under § 10, which gives the plaintiffs exclusive control of this great pond. The power given to the State board of health is intended to protect the interests of water takers that are not sufficiently protected under § 10. See *Sprague* v. *Dorr,* 185 Mass. 10. The decision in *Commonwealth* v. *Staples,* 191 Mass. 384, is not applicable to this case.

*Decree for the plaintiffs.*