## OPINION OF THE JUSTICES TO THE SENATE.

In accordance with a familiar rule of law, the Legislature may authorize a board of public officers in a city or town to permit or license, as a matter of local administration, such an act or proceeding as constructing and maintaining a bridge connecting buildings on opposite sides of a public street, under the same conditions that the Legislature could authorize or license it by the enactment of a statute.

A statute, giving authority to a city or town, or to a board of public officers therein, to grant permits or licenses to private individuals, who own the land and buildings on opposite sides of a public street and the fee of the land under the street, to erect bridges over such public street connecting the buildings on the two sides of the street, would not be invalid as class legislation.

In accordance with an elementary rule of law, a statute authorizing the granting of a permit to erect and maintain for private purposes a bridge connecting buildings on opposite sides of a public street, and providing that persons thereby injured in their property should receive compensation from the grantees of the permit to erect and maintain such bridge, would be invalid as to any persons suffering damage of this kind for which they would be entitled to compensation under the Constitution.

It is an elementary rule of law that cities and towns are liable to travellers on their highways for injuries caused by unsafe conditions only so far as such liability is imposed by statute.

Whether under c. 3, art. 2, of the Constitution, by which each branch of the Legislature has authority to require the opinions of the justices of this court "upon important questions of law, and upon solemn occasions," it is the duty of the justices to answer questions relating to elementary rules of law established by numerous decisions of this court and published Opinions of the Justices, here was referred to as a matter which was not determined.

On June 2, 1911, the following order was passed by the Senate, and on June 6, 1911, was transmitted to the Justices of the Supreme Judicial Court. On June 13, 1911, the Justices returned the answer which is subjoined.

WHEREAS, the questions upon which the opinion of the Justices of the Supreme Judicial Court was required by the order adopted on April 4th last, and the answer of the Justices thereto were based upon two pending bills which were somewhat dissimilar in their form and in their substantive provisions, and did not call attention to the fact that one of these, namely, House Bill No. 817, was a bill in favor of certain named individuals, and did not make any mention of the recovery of

damages for the loss of light and air caused by the construction of a bridge under the authority of an act of Legislature.

NOW, THEREFORE, ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required by the Senate upon the following questions:

1. Is it within the constitutional power of the Legislature to enact a law which shall give to the city of Boston the power to grant permits or licenses to the owners of any estates which abut upon any public street and which are situated directly opposite to each other upon opposite sides of said street to erect structures which will bridge said street and which will connect the premises on opposite sides thereof for private purposes, provided that the fee of the street over which the structures are to be erected is in the grantees of said permits or licenses, and subject to the condition that any person owning property or doing business in property which abuts upon a street over which the construction of a bridge is authorized whose property or business is damaged either through interference with light and air or otherwise by the construction or maintenance of said bridge may have damages therefor determined by a jury upon petition to the Superior Court filed within a specified time against the grantees of the permit for the construction of said bridge?

2. Is it within the constitutional power of the Legislature to enact a law which shall suspend the existing law as to certain named individuals so as to allow the city of Boston to grant to such individuals the right to build and maintain a bridge across a certain named public street in said city for the purpose of connecting for private purposes buildings owned by said individuals on opposite sides of said street, or for the purposes of a fire escape, provided that the fee of the street over which the structures are to be erected is owned by the individuals in whose favor the suspension and grant is made?

3. Is it within the constitutional power of the Legislature to enact a law which shall suspend the existing law as to certain named individuals so as to allow the city of Boston to grant to such individuals the right to build and maintain a bridge across a certain named public street in said city for the purpose of connecting for private purposes buildings owned by said individuals on opposite sides of said street, or for the purposes of a fire

escape, provided that the fee of the street over which the structures are to be erected is owned by the individuals in whose favor the suspension and grant is made, and that the bridge is so constructed as not to interfere with the reasonable use of the surface of the street for public travel?

4. Would the provisions of the bill now pending in the General Court which authorizes the construction of a bridge over Avon Street in the city of Boston, being House Bill No. 817, a copy of which is transmitted herewith, be constitutional if enacted?

5. Would the provisions of the bill of similar tenor to said House Bill No. 817, a copy of which is transmitted herewith, be constitutional if enacted?

6. Would the provisions of said House Bill No. 817 be constitutional and would the provisions of the bill which forms the subject of the last question be constitutional if these bills were amended by striking out section three of the former bill and section four of the latter bill and substituting in the place of each of said sections the following section :

" Any person owning property, or doing business in property abutting on Avon Street, whose property or business is damaged either through interference with light and air or otherwise by the construction or maintenance of a bridge constructed in accordance with the provisions of section one of this act, may have damages therefor determined by a jury upon petition to the Superior Court filed against the grantees of said permit within one year after the permit for the erection of said bridge is approved by the Mayor, as provided in section one of this act " ?

7. If at any time after the enactment of such a bill and the issue of such permit and the construction or beginning of construction of such bridge under said permit any person using said street and passing under said bridge shall suffer any injury either to his person or to his property on account of the construction or maintenance of said bridge, as by the falling of material used in the construction of said bridge or by the falling of snow or ice from said bridge, will the city of Boston be liable for said injury?

## HOUSE BILL No. 817.

An Act to authorize the Construction of a Bridge over Avon Street in the City of Boston.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Section 1. Upon petition and after seven days' public notice published in at least three newspapers published in the city of Boston, and a public hearing thereon, the board of street commissioners of the city of Boston may, with the approval of the mayor, issue a permit to Eben D. Jordan and Edward J. Mitten to build and maintain a bridge across Avon Street in said city for the purpose of connecting buildings owned by them on opposite sides of said street, or for the purposes of a fire escape, on such conditions and subject to such restrictions as said board may prescribe.

Section 2. No bridge built across said street, under a permit granted as provided in section one of this act, shall be constructed or maintained at a height less than thirty feet above the grade line of said street; and no part of the bridge or its supports shall rest upon the surface of the street.

Section 3. Any person whose property is damaged by reason of the construction of any bridge permitted to be built, as provided in section one of this act, may have the damages therefor determined by a jury upon petition to the superior court therefor filed within one year after the permit for the erection of such bridge is approved by the mayor, as provided in section one of this act.

Section 4. This act shall take effect upon its passage.

The following is " the bill of similar tenor to said House Bill No. 817," referred to in the foregoing order of the Senate.

An Act to authorize the Construction and Maintenance of a Bridge over Avon Street in the City of Boston.

Section 1. Upon petition and after seven days' notice published in at least three newspapers in the city of Boston, and a public hearing thereon, the board of street commissioners in said Boston may, with the approval of the mayor, issue a permit to

Eben D. Jordan and Edward J. Mitten to build and maintain a bridge across Avon Street in said city for the purpose of connecting buildings owned by them on opposite sides of said street, and to serve as a fire escape.

Section 2.  Any permit given by the board of street commissioners of the city of Boston, as provided in section one of this act, shall be upon the express condition that the person or persons receiving such permit shall pay a fee for the same, the amount of said fee to be determined by the board of street commissioners.  The board of street commissioners may further impose such other conditions and restrictions in granting said permit, as to the Board may seem wise.

Section 3.  No bridge built across said street, under a permit granted as provided in the preceding sections of this act, shall be constructed or maintained at a height less than thirty feet above the grade line of said street; and no part of the bridge or its supports shall rest upon the surface of the street.

Section 4.  Any person whose property is damaged by reason of the construction of any bridge permitted to be built as provided in the preceding sections of this act may have damages therefor determined by a jury upon petition to the superior court therefor filed within one year after the permit for the erection of such bridge is approved by the mayor.  Whatever damages are found by the jury, under the provisions of this section, shall be paid by the person or persons to whom the permit has been granted by the board of street commissioners.

Section 5.  This act shall take effect upon its passage.

To the Honorable Senate of the Commonwealth of Massachusetts :

We, the Justices of the Supreme Judicial Court, having received the questions contained in your order of June 2, 1911, a copy of which is hereto annexed, respectfully answer as follows :

It is a familiar rule of law in this Commonwealth that the Legislature may authorize a board of public officers in a city or town to permit and license, as a matter of local administration, any act or proceeding, such as is referred to in these questions, that the Legislature itself could authorize or license by the

enactment of a statute. *Brodbine* v. *Revere*, 182 Mass. 598. *Sprague* v. *Dorr*, 185 Mass. 10, 11. *Commonwealth* v. *Crowninshield*, 187 Mass. 221, 225. *Commonwealth* v. *Sisson*, 189 Mass. 247, 252. *Welch* v. *Swasey*, 193 Mass. 364, 375, 376. *Sprague* v. *Minon*, 195 Mass. 581, 583. *Commonwealth* v. *Kingsbury*, 199 Mass. 542, 546. *Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474, 481. *Codman* v. *Crocker*, 203 Mass. 146, 155. *Commonwealth* v. *Maletsky*, 203 Mass. 241, 247. *Dewey* v. *Richardson*, 206 Mass. 430, 433.

We think that a statute such as is mentioned in these questions would not be invalid as class legislation.

The law covering the matters to which these questions relate was very fully stated in an *Opinion of the Justices* communicated to the House of Representatives on April 17, 1911, *ante*, 603, which appears by your order to be before the Honorable Senate.

It is elementary doctrine that such an amendment as is proposed, providing that the damages to persons injured in their property shall be paid by the grantees of the permit, who are private parties, would not secure compensation to such persons in the manner required by the Constitution and as to them, in reference to damages to which they might be entitled under the Constitution, would render the statute invalid. It is equally elementary law that cities and towns are not liable in damages to persons for injuries received from unsafe conditions, while travelling on a highway, unless there is a statute imposing a liability for such conditions.

Without determining whether, in view of numerous decisions of this court and published Opinions of the Justices, the questions submitted to us are of a kind that ought to be answered as " important questions of law " within the meaning of the Constitution, we give this opinion, and we do not deem it necessary to answer more particularly.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.