COMMONWEALTH *vs.* ALBERT F. PUBLICOVER.

Middlesex.    April 2, 1951. — May 1, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Eavesdropping. Constitutional Law*, Due process of law, Equal protection of laws, Delegation of powers, Police power.

The fifth amendment to the Federal Constitution does not govern the conduct of the States but only that of the Federal government.

G. L. (Ter. Ed.) c. 272, § 99, is a valid exercise of the police power and is not unconstitutional on the ground that it denies due process or the equal protection of laws.

There is no delegation of legislative authority to the Attorney General and the district attorneys by G. L. (Ter. Ed.) c. 272, § 99, and no need for a standard or guide governing their conduct thereunder.

INDICTMENT, found and returned on November 8, 1949.

The case was tried in the Superior Court before *Dowd*, J.

*S. H. Cohen*, (*P. T. Corwin* with him,) for the defendant.

*E. Martin*, Assistant District Attorney, (*L. C. Sprague*, Assistant District Attorney, with him,) for the Commonwealth.

WILKINS, J. The defendant has been found guilty upon an indictment for eavesdropping, has been sentenced, and has paid a fine. His exceptions, to the denial of a request for instructions and to the denial of his motion for a directed verdict, raise the one question of the constitutionality of G. L. (Ter. Ed.) c. 272, § 99, which reads: "Whoever, except when authorized by written permission of the attorney general of the commonwealth, or of the district attorney for the district, secretly overhears, or attempts secretly to overhear, or to have any other person secretly overhear, any spoken words in any building by using a device commonly known as a dictagraph or dictaphone, or however otherwise described, or any similar device or arrangement, or by tapping any wire, with intent to procure information con-

cerning any official matter or to injure another, shall be guilty of the crime of eavesdropping . . . ."

There is no validity to the contention based upon the due process clause of the Fifth Amendment to the Constitution of the United States. That amendment protects only against conduct of the Federal government. *Commonwealth* v. *Gedzium,* 259 Mass. 453, 457. *Frenckiewich* v. *Dowd,* 291 Mass. 95. *Palko* v. *Connecticut,* 302 U. S. 319. *Feldman* v. *United States,* 322 U. S. 487, 490. *Adamson* v. *California,* 332 U. S. 46, 50–54.

The defendant also contends that there is a denial of due process and of equal protection of the laws in contravention of § 1 of the Fourteenth Amendment to the Constitution of the United States. He argues that neither the Attorney General nor a district attorney has authority to overhear in the manner described in the act or has power to delegate or grant such authority to others. This argument seems to us to be based upon a misconception of the statute. To be sure, the exception in the act is phrased in terms of authority by written permission to be obtained from a public law officer. But, upon analysis, it is clear that all the Legislature has done is to exempt persons having such permission from the scope of the act. Where such a writing has been obtained there is no violation of G. L. (Ter. Ed.) c. 272, § 99. Where it has not been obtained there may be a violation of the act if the elements of the offence are present. The crime is not indefinite as to those elements. See *Commonwealth* v. *Carpenter,* 325 Mass. 519. Nor can there be doubt as to whom the act applies. Any person who sets out to eavesdrop knows whether he has anything in writing from the Attorney General or a district attorney. There is no delegation of legislative authority, as in *Panama Refining Co.* v. *Ryan,* 293 U. S. 388. This is not a case of legislation enabling the making of rules and regulations by an administrative agency. See *Treasurer of Worcester* v. *Department of Labor & Industries; ante,* 237, 241, and cases cited. The Attorney General and the district attorneys are not to make any rules or regulations. There is no general

principle of law that an administrative officer cannot perform any act unless a standard is set up. A reasonable standard or guide is necessary only where there is a delegation of legislative authority.

Apart from the reference to the Attorney General and to the district attorneys, it is not argued that there is any constitutional defect. Beyond question, it is within the police power to curb the use of dictagraphs, dictaphones, and similar instruments and the tapping of wires. U. S. C. (1946 ed.) Title 47, § 605. *Nardone* v. *United States*, 302 U. S. 379, 380–381. 32 Cornell L. Q. 514. 33 Cornell L. Q. 73. This is but a development dealing with a modern phase of eavesdropping, which was a crime at common law. 1 Bishop, Criminal Law (9th ed.) §§ 540, 1122–1124. May, Law of Crimes (4th ed.) § 114. 18 Am. Jur., Eavesdropping, 1. 28 C. J. S., Eavesdropping, 826. What may be the effect of the statute upon the conduct of official business by the Attorney General or by a district attorney we are not called upon to decide.

*Exceptions overruled.*