OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Delegation of powers, Political subdivisions, Opinions of the Justices. *Municipal Corporations*, Form of government. *Words*, "Amendments."

Proposed legislation authorizing "any town which has adopted a town manager form of government . . . [to] make amendments in such form of government," with the word "amendments" interpreted as including structural changes in the form of government of a town, would be an unconstitutional delegation of the legislative power to determine the form and structure of the governments of municipalities.

The Justices, having expressed an opinion that a certain proposed statute pending before the General Court would be unconstitutional and stated the controlling principles of constitutional law, declined to answer a further question, not related to any specific proposed statute, but intended as a general inquiry as to the power of the General Court to enact any statute of a more limited type respecting the same subject matter.

On April 10, 1952, the Justices submitted the following answers to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this reply to the questions set forth in an order adopted by the House on March 19, 1952, and transmitted to the Justices on March 25. Copies of the order and of a pending bill submitted therewith, designated as House No. 773, are hereto attached.

The proposed bill, as to the constitutionality of which the order expresses grave doubt, is entitled "An Act relative to amendments in the town manager form of governments." It provides that "Notwithstanding any provisions of general or special law to the contrary, any town which has adopted a town manager form of government may make amendments in such form of government in the manner

herein provided." Then follow provisions for the filing with the selectmen of a petition containing the proposed amendment or amendments and signed by at least five per cent of the registered voters of the town and for voting upon the question of the acceptance of such amendment or amendments at a town meeting.

The questions contained in the order are these:

"1. Is it constitutionally competent for the General Court to provide that any town that has adopted a town manager form of government may make amendments in such form of government without enabling legislation being enacted by the General Court?

"2. Is it constitutionally competent for the General Court to provide that any town that has adopted a town manager form of government may make amendments in such form of government providing such amendments do not essentially change the form of government without enabling legislation being enacted by the General Court?"

Article 30 of the Declaration of Rights provides for the permanent separation of the executive, legislative, and judicial powers in the government of the Commonwealth, and the Constitution, by the various provisions of c. 1, § 1, particularly those contained in art. 4, designates the General Court as the repository of the legislative power. It is fundamental that no one of the three great departments of government can abandon any of the powers entrusted to it by the Constitution or transfer those powers to any other person or group of persons. If this could be done the plan of government laid down by the Constitution could be destroyed. It is plain that the power to determine the form and structure of the governments of towns and cities is a legislative power. This is impliedly recognized in arts. 2 and 70 of the Amendments, although these articles have no direct bearing upon the questions submitted. It is also recognized in decisions holding that in general the powers of municipalities are those expressly or impliedly conferred upon them by the General Court. *Attorney General* v. *Lowell*, 246 Mass. 312, 320, and cases cited. The power to prescribe,

regulate, and alter the governments of municipalities is therefore one to be exercised by the General Court and, subject to the qualifications hereinafter mentioned, it cannot be transferred or delegated to the cities or towns or to their inhabitants. *Opinion of the Justices,* 160 Mass. 586. *Brodbine* v. *Revere,* 182 Mass. 598, 600. *Boston* v. *Chelsea,* 212 Mass. 127, 128. *Commonwealth* v. *Diaz,* 326 Mass. 525, 527.

The principle that legislative power cannot be delegated is not, however, applied in all instances with absolute literal inflexibility. A few qualifications upon it have been admitted out of practical necessity, only two of which have sufficient possible bearing upon the subject of the questions presented to justify mentioning them here. One qualification is that where the Legislature by statute lays down a general policy to be pursued it may delegate the working out of details to some officer or commission, whose acts in pursuance of the general plan, although legislative in character, are valid. *Commonwealth* v. *Sisson,* 189 Mass. 247, 252–253. *Commonwealth* v. *Hudson,* 315 Mass. 335, 341–342. *Krupp* v. *Building Commissioner of Newton,* 325 Mass. 686, 690–691. *Commonwealth* v. *Diaz,* 326 Mass. 525, 527–528. *Treasurer of Worcester* v. *Department of Labor & Industries,* 327 Mass. 237, 241. The cases just cited contain ample reference to many other instances. Another qualification upon the general principle of nondelegation, closely analogous to that just mentioned and sometimes treated as comprehended within it, permits the exercise by cities and towns of power to make regulations or by-laws pertaining to a limited class of matters of purely local interest. *Brodbine* v. *Revere,* 182 Mass. 598. *Welch* v. *Swasey,* 193 Mass. 364, 375–376. *Dewey* v. *Richardson,* 206 Mass. 430, 432–433. *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160. *Commonwealth* v. *Kimball,* 299 Mass. 353, 356–357. This power, at least in this Commonwealth, may originally have grown out of conditions existing in the early settlements when communication was difficult and a considerable degree of local control over matters of local concern was imperative. The principle has now frequently been

extended to the delegation of some degree of legislative power to various boards and commissions not local in character (*Brodbine* v. *Revere*, 182 Mass. 598, 602), but with this aspect we are not now concerned.

We do not see how the proposal now presented to us can be brought within either of these qualifications of the general rule. We interpret the word "amendments" in the first question, in the light of the pending bill, as including structural changes in the form of government of a town. The making of such changes is not the kind of legislative act which has been held delegable in any of the cases herein cited or in any case of which we are aware. It is very different from allowing a city to choose one out of several standard charters, all of which have been already enacted in detail by the Legislature. See *Cunningham* v. *Mayor of Cambridge*, 222 Mass. 574. It would be impossible to catalogue in advance the types of legislative acts that may be delegated, but an examination of G. L. (Ter. Ed.) c. 40, § 21, as most recently amended by St. 1951, c. 352, which contains a list of many of the subjects upon which cities and towns have hitherto been authorized to legislate, will show how far removed is the delegation now proposed from those having the sanction of past usage. The form of government of towns is a matter of great importance. There should be a reasonable degree of uniformity among the towns of the Commonwealth having the same general form, and all should be fitted to the framework of general laws affecting towns and should be reasonably consistent with the history of the Commonwealth and the habits and customs of the people. The present proposal lays down no principle and furnishes no guide as to what amendments can be made. It is not a case of delegating the mere filling in of the details of a broad policy laid down by the Legislature. It is not even clear that a town once having a town manager form of government may not write for itself any form of charter which its fancy may suggest, even if the town manager form is not preserved and the form adopted is at variance with anything known elsewhere. Even if amendments must be

deemed limited to such as will preserve something that can still be called a town manager form, we think that the general rule against delegation of legislative powers applies, and that it would be inconsistent with the Constitution for the General Court to enact a law like House No. 773 or such as is described in the first question. We answer that question "No."

The second question seems to involve the degree of change that may be delegated. We interpret this question, however, not as indicating in itself the terms of any particular proposed statute but rather as intended to inquire generally whether the Legislature could enact any statute which should provide in any form of words for the making of amendments deemed not essentially to change the form of government. We do not know what form such statutes might take or what might be attempted to be accomplished by them. We have already endeavored to state the controlling principles of constitutional law. With no draft of any proposed legislation before us and with nothing more definite than is contained in the second question we do not believe we can make a separate answer to this question which will serve any useful purpose. We therefore respectfully request to be excused from further answering.

STANLEY E. QUA.
HENRY T. LUMMUS.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, Jr.