# OPINION OF THE JUSTICES.

OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTA-
TIVES.

*Constitutional Law,* Separation of powers, Opinions of the Justices.
*Eavesdropping.*

In answering questions presenting general inquiries set forth in an order
adopted by a branch of the Legislature, the Justices gave their answers
only with respect to certain bills pending before the Legislature and
enumerated in the order. [770]

Proposed legislation limiting the granting of written permission by the
Attorney General or a district attorney to intercept telegraphic or
telephonic communications to cases where a judge of a designated
court was satisfied that reasonable grounds existed for believing that
evidence of a crime might be thus obtained would not violate art. 30
of the Declaration of Rights of the Constitution of Massachusetts,
irrespective of whether the required judicial order validating such
permission preceded or followed the granting thereof, or, if it preceded,
whether it expired in a specified time if not renewed by a judge, or
whether the case concerned permission given by the Attorney General
or a district attorney in connection with an investigation in his own
office or elsewhere out of court. [771]

On May 16, 1957, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in an order
adopted by the House on May 8, 1957, and transmitted to
the Justices on May 13. Copies of the order and of three
pending bills submitted therewith, designated as Senate No.
63, House No. 788, and House No. 1189, are hereto attached.

The bills are each entitled, "An Act restricting the au-
thority of the attorney general and district attorneys to
authorize wire tapping." The order declares that grave
doubt exists as to the constitutionality of § 2 of each bill, if
enacted.

Section 1 of each bill contains an amendment to G. L. (Ter. Ed.) c. 272, § 99. That section at present reads: "Whoever, except when authorized by written permission of the attorney general of the commonwealth, or of the district attorney for the district, secretly overhears, or attempts secretly to overhear, or to have any other person secretly overhear, any spoken words in any building by using a device commonly known as a dictagraph or dictaphone, or however otherwise described, or any similar device or arrangement, or by tapping any wire, with intent to procure information concerning any official matter or to injure another, shall be guilty of the crime of eavesdropping . . . ."

The amendments to § 99 contemplated by § 1 of the bills are the addition of words after "written permission of the attorney general of the commonwealth, or of the district attorney for the district." The words sought to be added are respectively: by Senate No. 63 "pursuant to an order issued under section ninety-nine B"; by House No. 788 "pursuant to the provisions of section ninety-nine A"; and by House No. 1189 "pursuant to an order issued by a justice of the supreme judicial or superior court as provided in section ninety-nine A." The proposed insertion of a § 99A by the two House bills is an inadvertence, as there already is a § 99A, inserted by § 1 of St. 1956, c. 48, entitled "An Act prohibiting wire tapping of juries or jury rooms."

Section 2 of each bill contains in detail the restrictions to be imposed upon the authority of the Attorney General or of a district attorney. In Senate No. 63, § 2 requires an order of a justice of the Supreme Judicial Court or of the Superior Court as a condition precedent to effective authorization to tap wires, but provides for an exception in an emergency, and in that case failure of a court to issue a validating order within a prescribed period operates as a condition subsequent terminating a previously issued written permission of the Attorney General or a district attorney. In House No. 1189, § 2 is substantially identical except that there is no emergency provision, and need not be quoted. In House No. 788, § 2 refers only to the Superior Court, and

provides in all cases for a subsequent validating court order similar to the emergency exception in Senate No. 63.

Section 2 of Senate No. 63 is as follows: "Said chapter 272 is hereby further amended by inserting after section 99A, inserted by section 1 of chapter 48 of the acts of 1956, the following section: — Section 99B. An order for the interception of telegraphic or telephonic communications may be issued by any justice of the supreme judicial or superior court upon oath or affirmation of the attorney general of the commonwealth or of the district attorney for the district that there is reasonable ground to believe that evidence of crime may be thus obtained and identifying the particular telephone line or means of communications and particularly describing the person or persons whose communications are to be intercepted and the purpose thereof. In connection with the issuance of such an order, the justice may examine on oath the applicant and any other witness he may produce for the purpose of satisfying himself of the existence of reasonable grounds for the granting of such application. Any such order shall be effective for the time specified therein, but not for a period of more than three months, unless extended or renewed by the justice who signed and issued the original order, upon satisfying himself that such extension or renewal is in the public interest. Any such order, together with the papers upon which the application was based, shall be delivered to and retained by the applicant as authority for intercepting or directing the interception of the telegraphic or telephonic communications transmitted over the instrument or instruments described. A copy of such order shall be impounded by the justice issuing the same. In case of emergency and when no such justice is available, the attorney general or the district attorney for the district may issue such order, but within seventy-two hours the said attorney general or district attorney upon oath or affirmation setting forth all the facts, shall apply to a justice of the supreme judicial or superior court for a court order to issue validating the act of said attorney general or district attorney. If the court refuses, after hearing to vali-

date such prior order of the attorney general or district attorney, said prior order shall cease to be effective, and no further action thereunder may be taken."

Section 2 of House No. 788 is as follows: "Said chapter 272 is hereby further amended by inserting after section 99 the following section: — Section 99A. The attorney general or the district attorney for the district may issue written permission, but within fourteen days thereafter the said attorney general or district attorney upon oath or affirmation setting forth all the facts, shall apply to a justice of the superior court for a court order to issue validating the act of said attorney general or district attorney.

"Such order for the interception of telegraphic or telephonic communications may be issued by any justice of the superior court upon oath or affirmation of the attorney general of the commonwealth or of the district attorney for the district that there was and is reasonable ground to believe that evidence of crime could and may be thus obtained and identifying the particular telephone line or means of communications and particularly describing the person or persons whose communications were and are to be intercepted and the purpose thereof. In connection with the issuance of such an order, the justice may examine on oath the applicant and any other witness he may produce for the purpose of satisfying himself of the existence of reasonable grounds for the granting of such application. Any such order shall be effective from the time said interception was first instituted, but not for a period of more than three months from said time, unless extended or renewed by a justice, upon satisfying himself that such extension or renewal is in the public interest. Any such order, together with the papers upon which the application was based, shall be delivered to and retained by the applicant as authority for intercepting or directing the interception of the telegraphic or telephonic communications transmitted over the instrument or instruments described. A copy of such order shall be impounded by the justice issuing the same. Application for such an order shall be heard privately by the

court at the earliest possible time and shall take precedence of all other matters.

"If the court refuses, after hearing, to validate such written permission of the attorney general or district attorney, said written permission shall cease to be effective, and no further action thereunder may be taken. In such case, the court may, if justice so requires, order the transcription and records already made of the interception surrendered to the court for destruction."

The questions contained in the order are these:

"1. Would it be violative of Article XXX of the Declaration of Rights for the General Court to provide that the use of wire tapping, by permission of the Attorney General of the Commonwealth or the district attorneys of the districts, for the purpose of obtaining evidence of crime shall be subject to the control of the jüdiciary prior to the time such evidence is presented in a judicial proceeding?

"2. Would it be violative of Article XXX of the Declaration of Rights for the General Court to provide that permission to intercept telegraphic or telephonic communications, given by the Attorney General of the Commonwealth or a district attorney of a district, shall be validated only if a justice of the Superior Court is satisfied that there are reasonable grounds for the validating of such permission, especially if such permission to intercept such communications was given by the Attorney General or a district attorney in connection with an investigation in his own office or elsewhere out of court?

"3. Would it be violative if [of] said Article XXX of the Declaration of Rights for the General Court to provide that permission given by the Attorney General of the Commonwealth or a district attorney of a district to intercept telegraphic or telephonic communications shall be subject to validation by order of a justice of the Superior Court and that such order validating such permission shall be effective for not more than three

months unless extended or renewed by a justice of the Superior Court upon satisfying himself that such extension or renewal is in the public interest?"

The questions are not confined to the pending bills, but present general inquiries. Our answers must be given only with respect to the three bills enumerated in the order. *Opinion of the Justices,* 308 Mass. 601, 607. *Opinion of the Justices,* 314 Mass. 767, 771–772. *Opinion of the Justices,* 328 Mass. 674, 678. The first question will be answered as applicable to all the bills. The second and third questions refer to provisions to be found only in House No. 788.

Article 30 of the Declaration of Rights forbids the conferring of legislative or executive power upon the courts. *Selectmen of Milton* v. *Justice of the District Court of East Norfolk,* 286 Mass. 1, 4. *Collins* v. *Selectmen of Brookline,* 325 Mass. 562, 563. *Opinion of the Justices,* 328 Mass. 674, 675. The subject for our consideration is whether the bills enumerated in the order create duties judicial in character in the respects specified in the questions and functions which the courts may properly exercise. *Case of Supervisors of Election,* 114 Mass. 247.

The test is whether the statute "authorizes the courts to perform a function so closely connected with and so far incidental to strictly judicial proceedings that the courts in obeying the statute would not be exercising executive or nonjudicial powers." *LaChapelle* v. *United Shoe Machinery Corp.* 318 Mass. 166, 168. See *Boston* v. *Chelsea,* 212 Mass. 127; *Driscoll* v. *Mayor of Somerville,* 213 Mass. 493; *Catheron* v. *County of Suffolk,* 227 Mass. 598, 602; *Attorney General* v. *Tufts,* 239 Mass. 458, 481; *Attorney General* v. *Pelletier,* 240 Mass. 264, 296; *Attorney General* v. *Brissenden,* 271 Mass. 172, 184; *Opinion of the Justices,* 300 Mass. 596.

The use of dictagraphs and dictaphones and the tapping of wires are modern phases of eavesdropping, which was a crime at common law. General Laws (Ter. Ed.) c. 272, § 99, exempts from its operation persons having the written permission of the designated officers. *Commonwealth* v. *Publi-*

*cover,* 327 Mass. 303, 304–305. The bills seek to limit the granting of written permission by the Attorney General or a district attorney to cases where a judge of a designated court is satisfied that reasonable grounds exist for so doing; that is to say, reasonable grounds that evidence of a crime may be thus obtained. We perceive no distinction in principle whether the judicial order precedes or follows the granting of the written permission; or if it precedes, whether it expires if not renewed in three months. Nor do we think that it makes any difference that such permission may be given by the Attorney General or a district attorney in connection with an investigation in his own office or elsewhere out of court, a point expressly saved in *Commonwealth* v. *Publicover,* 327 Mass. 303, 305, because not presented for decision. An important factor is that there is a close relation between the office of Attorney General and the judicial system, as well as a close relation between the office of district attorney and the judicial system. See *Attorney General* v. *Flynn,* 331 Mass. 413, 415.

The duties created in the bills bear strong resemblance to the issue of search warrants. See G. L. (Ter. Ed.) c. 276, §§ 1–8; c. 271, § 23, as amended. This has always been considered a judicial function. They also resemble the issue of warrants for arrest or summonses, also long an undoubted judicial function. See G. L. (Ter. Ed.) c. 276, § 21, as amended; §§ 22–24; art. 14 of the Declaration of Rights.

There is nothing before us under U. S. C. (1952 ed.) Title 47, § 605.

To the first question limited to the provisions of the three bills, and to the second and third questions limited to House No. 788, we answer, "No."

RAYMOND S. WILKINS.
JAMES J. RONAN.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, Jr.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.