WESTINGHOUSE BROADCASTING COMPANY, INC. *vs.*
SERGEANT-AT-ARMS OF THE GENERAL COURT OF
MASSACHUSETTS.

Suffolk. December 7, 1977. — May 9, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Public Record. General Court.*

Detailed sheets of long distance telephone calls made by members of the General Court were not records within control of the comptroller's division of the Executive Office for Administration and Finance where the comptroller had no duty to receive them and did not in fact receive them. [182-184]

Detailed sheets of long distance telephone calls made by members of the General Court which were delivered to the custody of the sergeant-at-

arms and retained by him were part of the records of the Legislature and, as such, were not subject to public inspection under the provisions of G. L. c. 66, § 10. [184-186]

CIVIL ACTION commenced in the Superior Court on July 29, 1977.

The case was heard by *George*, J., a District Court judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Ernest P. DeSimone*, Assistant Attorney General, for the defendant.

*Daniel J. Gleason* for the plaintiff.

LIACOS, J. This is an action brought under G. L. c. 66, § 10, for an order in the nature of mandamus to compel the defendant, sergeant-at-arms of the General Court, to give the plaintiff access to certain telephone billing records. After a hearing, a judge of the Superior Court ordered the defendant to make these records available to a representative of the plaintiff for inspection and copying. The defendant appealed this judgment, and the trial judge granted a stay pending the appeal. We granted the plaintiff's application for direct appellate review.

The judgment is reversed on the ground that the records sought are records of the General Court and thus not subject to public disclosure under G. L. c. 66, § 10. We summarize the facts stated in the stipulation of agreed facts as supplemented by the findings of the judge.

On June 27, 1977, the plaintiff requested permission from the sergeant-at-arms of the General Court to inspect all telephone billings incurred under account 0161-1000 for the months of December, 1976, and January and February, 1977, including "the total bill and the individual listing of charge calls and their origin as provided by the telephone company."[1] Account 0161-1000 is the budget item number

---

[1] At the same time, the plaintiff also made this request to the Speaker of the House and to the President of the Senate. The Speaker of the House complied with the request and gave permission to inspect the billing records for the House.

for appropriations for the telephone and telegraph service of the General Court. The records which are the subject of this litigation are certain monthly telephone billings sent to the sergeant-at-arms by the New England Telephone and Telegraph Company. The billings consist of a summary billing card, stating the total amount of the bill for the period in question (cover sheet) and detailed sheets containing particulars as to all long distance telephone calls made for the billing period (detailed sheets). Information contained on the detailed sheets includes the date, time, place called, area code, telephone number, minutes, and cost of each long distance telephone call made in the relevant period.

The State comptroller in the Executive Office for Administration and Finance paid the telephone bills according to the following procedure. For each month in question, the sergeant-at-arms transmitted the cover sheet to the State comptroller, together with a standard invoice form and a batch transmittal form requesting that payment be made. The sergeant-at-arms, however, retained possession of the detailed sheets relating to each bill. Payment of the bills was then recommended by the comptroller.[2]

When the defendant sergeant-at-arms refused to comply with the plaintiff's request for disclosure of these telephone billings, the plaintiff petitioned the supervisor of public records pursuant to G. L. c. 66, § 10 (c), for a determination whether the records requested are public. The supervisor determined that "by the express provisions of chapter 66, section 18, [his] authority . . . [to administer the State Freedom of Information Act] does not extend to the records of the General Court." As a result of that determination the plaintiff commenced the present action.

The question for decision is whether the detailed sheets of long distance telephone calls made by the Legislature are

---

[2] The parties stipulated, and the judge so found, that the comptroller paid the bills. However, according to G. L. c. 7, § 13, the comptroller does not pay the bills but submits authorizations for payment to the Governor for appropriate transmission to the Treasurer who makes payment. See *Commonwealth* v. *Iannello*, 344 Mass. 723, 730 (1962).

public records within the meaning of G. L. c. 4, § 7, Twenty-sixth, as appearing in St. 1973, c. 1050, § 1, and are thereby subject to public disclosure under G. L. c. 66, § 10 (a).[3] The provisions of G. L. c. 4, § 7, Twenty-sixth, require disclosure of records "made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose, . . . [unless one or more of nine statutory exemptions apply]."

1. *Executive Records.*

Although the judge determined that the sergeant-at-arms is the custodian of the telephone bills, including the detailed sheets, he concluded that they "should be regarded as Executive Branch records and, hence, subject to public scrutiny." He based this conclusion on the ground that "[t]hese itemized bills are the supporting evidence of the Commonwealth's obligations, required by law, to be obtained by the Comptroller prior to payment."[4] An examination of the statutory framework for the payment of the Common-

---

[3] General Laws c. 66, 10 (a), as appearing in St. 1973, c. 1050, § 3, provides: "Every person having custody of any public records, as defined in clause twenty-sixth of section seven of chapter four, shall, at reasonable times and without unreasonable delay, permit them to be inspected and examined by any person, under his supervision, and shall furnish one copy thereof on payment of a reasonable fee. Every person for whom a search of public records is made shall, at the direction of the person having custody of such records, pay the actual expense of such search."

[4] The judge also relied on the fact that "[t]he telephone company could have sent the bills to the Comptroller for payment." The defendant persuasively argues, and the plaintiff appears to concede, that direct submission of the bills to the comptroller would circumvent the requirements of authorization and approval by the authorized State official. See G. L. c. 29, § 20.

As to the payment of expenditures of the General Court, or either branch thereof, it is the sergeant-at-arms to whom the bills were sent for the necessary approval prior to any action by the comptroller. G. L. c. 3, § 30.

wealth's obligations, however, reveals that the comptroller had no obligation to receive these detailed sheets.[5]

The office of the comptroller is established under the Executive Office for Administration and Finance. G. L. c. 7, § 4A. The comptroller's general accounting duties are set forth in G. L. c. 7, § 17. Under G. L. c. 7, § 14, the comptroller has the duty to keep all "bills and vouchers" on which money had been or might be paid from the treasury on his certificate or the Governor's warrant. See *Commonwealth v. Iannello*, 344 Mass. 723, 731 (1962). The plaintiff admits that the comptroller would not need to obtain the detailed sheets under this statutory section. The plaintiff contends, however, that without the detailed sheets, the comptroller cannot fulfill the statutory duty to examine the itemized accounts under G. L. c. 7, § 13. Section 13 prescribes the comptroller's obligation both to examine all accounts and demands against the Commonwealth, and to certify to the Governor the amount due on each account or demand so examined, the name of the person to whom the account is payable, and the account to which payment is chargeable. Under G. L. c. 29, § 19, these accounts must be itemized. The comptroller may also require affidavits that services have been rendered as claimed. G. L. c. 7, § 13.

The comptroller did not require the detailed sheets in the present case. Rather, it appears to be the practice of that office to rely on a standard invoice and the certification in the transmittal form as the affidavit which may be requested under G. L. c. 7, § 13.[6] See *Commonwealth v. Iannello, supra.* In view of this statutory framework, and the existing

---

[5] We do not mean to imply that a record is not public unless kept pursuant to a requirement of law. See *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn*, 374 Mass. 812 (1978). The comptroller, however, clearly had not "made or received" the detailed sheets within the meaning of G. L. c. 4, § 7, Twenty-sixth. Thus, the only plausible argument for considering these to be public records of the comptroller is that the comptroller should have received these papers.

[6] Nothing we say here would preclude the comptroller from requiring an affidavit.

administrative practices followed in compliance therewith, we conclude that the judge below erred in labeling the detailed sheets records within the control of the comptroller's division of the Executive Office for Administration and Finance.

The comptroller did not receive these records. He had no duty to receive them, and, thus, the records should not be treated as if he had received them. The fact that the comptroller had a right to receive these records, but did not, does not make them records "received" by him.

2. *Legislative Records.*

The detailed sheets delivered to the custody of the sergeant-at-arms and retained by him are part of the records of the Legislature; as such they are not subject to inspection under the provisions of G. L. c. 66, § 10. Cf. *Ottaway Newspapers, Inc.* v. *Appeals Court,* 372 Mass. 539, 546 (1977) (court records outside the scope of G. L. c. 66, § 10). The Legislature is not one of the instrumentalities enumerated in G. L. c. 4, § 7, Twenty-sixth, whose records are subject to public disclosure. It is not an "agency, executive office, department, board, commission, bureau, division or authority" within the meaning of § 7, Twenty-sixth. Although the General Court has been characterized as one of the "three great departments of government" (see *Opinion of the Justices,* 328 Mass. 674, 675 [1952]; Part II, c. 1, § 1, art. 1, of the Constitution of the Commonwealth), the term "department" appearing in this statutory clause has a much more restricted meaning. Cf. *Yont* v. *Secretary of the Commonwealth,* 275 Mass. 365, 367-368 (1931).[7]

Furthermore, even if the introductory language of G. L. c. 4, § 7, might be viewed as applying to legislative records, these records are not open to public inspection because they are records "specifically or by necessary implication exempted from disclosure by statute." G. L. c. 4, § 7,

---

[7] The Federal Freedom of Information Act, 5 U.S.C. § 551(1) (A) (B) (1970), also excludes the Federal courts and the Congress from the demands of public disclosure.

375 Mass. 179                                                    185

Westinghouse Bdcst. Co., Inc. v. Sergeant-at-Arms of the General Court.

Twenty-sixth (a). General Laws c. 66, § 18, specifically exempts the records of the General Court from the provisions of the public records statute.[8] The plain language of § 18 conflicts with the lower court's conclusion that this section draws a distinction between records which the Legislature itself generates and papers which the Legislature receives, such as these telephone billings.

We also disagree with the plaintiff's assertion that the legislative records exemption contained in § 18 applies only to records kept under force of law, a limited class of government papers which were considered public records prior to the recent amendment liberalizing the definition of public records. Apparently, the plaintiff is contending that since the Legislature is not required by law to keep these telephone billings on file, the detailed sheets are not subject to the legislative records exemption enacted years before the modern public records statute. The Legislature, however, implicitly recognized the § 18 exemption when it approved the expansive definition of public records. Along with the new definition, it enacted an exemption for records protected from disclosure by specific statute. See G. L. c. 4, § 7, Twenty-sixth (a). We see no indication that the Legislature intended to limit the scope of those earlier statutes of exemption that were enacted prior to the new public records definition and exemptions added by St. 1973, c. 1050, § 1.[9]

---

[8] General Laws c. 66, § 18, as amended by St. 1945, c. 393, § 6, provides: "This chapter shall not apply to the records of the general court, nor shall declarations, affidavits and other papers filed by claimants in the office of the commissioner of veterans' services, or records kept by him for reference by the officials of his office, be public records."

[9] Nor does the Legislature's past practice of granting the plaintiff access to similar telephone billing records suggest that the statutory exemption for "records of the general court" is inapplicable to the broad definition of public records. The exemptions contained in the State Freedom of Information Act are not mandatory. Cf. *Town Crier, Inc.* v. *Chief of Police of Weston*, 361 Mass. 682, 691-692 (1972); *Associated Dry Goods Corp.* v. *Equal Employment Opportunity Comm'n*, 419 F. Supp. 814, 821 (E.D. Va. 1976).

Accordingly, these telephone detailed sheets in the possession of the sergeant-at-arms are not subject to public inspection under the requirements of G. L. c. 66, § 10.

In the view we take of this case, we need not address the issue of privacy and legislative privilege raised by the defendant.

The judgment is reversed and the case is remanded to the Superior Court for the entry of judgment consistent with this opinion.

*So ordered.*