## Commonwealth *vs.* Dennis R. Bauer.

Middlesex. September 10, 2009. - December 21, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, Botsford, & Gants, JJ.

*Motor Vehicle,* License to operate, Operating under the influence. *Evidence,* Breathalyzer test. *Constitutional Law,* Separation of powers.

This court concluded that where an order has been entered in the District Court regarding restoration of a license to operate motor vehicles, pursuant to G. L. c. 90, § 24 (1) *(f)* (1), review may be had by means of an action in the nature of certiorari brought in the Superior Court, given that such an order is civil in nature. [498-500]

General Laws c. 90, § 24 (1) *(f)* (1), allocating to the judiciary the power to make decisions regarding the restoration of licenses to operate motor vehicles following the entry of a not guilty finding or dismissal of charges under G. L. c. 90, § 24, does not constitute an impermissible intrusion by the Legislature on the authority of the Registrar of Motor Vehicles within the executive branch, in violation of art. 30 of the Massachusetts Declaration of Rights, where a judge, in determining whether the Commonwealth has rebutted the presumption that a license should be restored, exercises judicial, and not executive, powers in accordance with the authority conferred by statute; and where the statute does not improperly usurp executive branch powers, given that the Legislature, in its formulation of a comprehensive scheme for regulating and keeping motorways safe, allocated some regulatory responsibilities to the executive branch and others to the judiciary. [500-501]

A District Court judge properly denied the criminal defendant's posttrial motion to restore his license to operate motor vehicles, where G. L. c. 90, § 22D, did not mandate such restoration, in that the defendant's license had not been not suspended because of an automobile law violation. [501-502]

Complaint received and sworn to in the Ayer Division of the District Court Department on October 10, 2006.

The case was tried before *David W. Cunis,* J., and a motion seeking restoration of a license to operate motor vehicles was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James A. Reidy* (*Joseph P. Cataldo* with him) for the defendant.

*Melissa Weisgold Johnsen*, Assistant District Attorney, for the Commonwealth.

BOTSFORD, J. Following his arrest for operating a motor vehicle while under the influence of intoxicating liquor (OUI), in violation of G. L. c. 90, § 24 (1) (*a*) (1),[1] Dennis R. Bauer refused to submit to an analysis of his breath. Because he had thrice before been convicted of OUI, his refusal resulted in the suspension of his license to operate motor vehicles for life, pursuant to G. L. c. 90, § 24 (1) (*f*) (1).[2] A jury in the District Court ultimately found Bauer not guilty on the OUI charge, and he filed a motion seeking restoration of his license, in accordance with the statute.[3] See G. L. c. 90, § 24 (1) (*f*) (1). After a hearing, the trial judge denied the motion, issuing written findings of fact. Bauer appealed from that decision, his appeal was entered in the Appeals Court, and we transferred the case to this court on our own motion.

1. *Judicial review.* An application seeking restoration of a suspended license or right to operate, pursuant to G. L. c. 90, § 24 (1) (*f*) (1), must be filed with "the court which took final action" on the alcohol-related charge. While the statute establishes that "there shall be a rebuttable presumption that said license be restored, unless the commonwealth shall establish, by a fair preponderance of the evidence, that restoration of said license would

---

[1]Dennis R. Bauer also was charged with failure to stay within marked lanes, in violation of G. L. c. 89, § 4A; and failure to wear a seatbelt, in violation of G. L. c. 90, § 13A. A jury found him not responsible on the seatbelt charge and responsible on the marked lanes violation. Neither is at issue in this appeal.

[2]General Laws c. 90, § 24 (1) (*f*) (1), first par., provides, in part, that "a person previously convicted of 3 or more such violations [of G. L. c. 90, § 24, or certain other statutes] shall have his license or right to operate suspended forthwith for life based on [the person's] refusal [to submit to a breath analysis]."

[3]General Laws c. 90, § 24 (1) (*f*) (1), fourth par., provides, in part:

"[T]he defendant may immediately, upon the entry of a not guilty finding or dismissal of all charges under this section . . . and in the absence of any other alcohol related charges pending against said defendant, apply for and be immediately granted a hearing before the court which took final action on the charges for the purpose of requesting the restoration of said license. At said hearing, there shall be a rebuttable presumption that said license be restored, unless the commonwealth shall establish, by a fair preponderance of the evidence, that restoration of said license would likely endanger the public safety."

likely endanger the public safety," *id.*, it does not contain any provision for obtaining judicial review of an adverse license restoration decision. As a threshold matter, the Commonwealth argues in substance that because there is no specific authorization (in either statute or court rule) for an appeal from such a decision, the court lacks jurisdiction to hear the defendant's purported appeal, and it must be dismissed. We disagree on the jurisdictional point and consider the appropriate route for appellate review in a case such as this.

Although driver's license suspension proceedings are generally connected to underlying criminal proceedings, we long have considered them to be nonpunitive, regulatory matters. See *Luk* v. *Commonwealth*, 421 Mass. 415, 421 n.11 (1995) (administrative revocation or suspension of license or right to operate motor vehicle considered nonpunitive). Accord *Powers* v. *Commonwealth*, 426 Mass. 534, 538-540 (1998) (indefinite suspension of driver's license by Registrar of Motor Vehicles under G. L. c. 90, § 22 [*a*], is nonpunitive, civil sanction that does not implicate double jeopardy principles); *Leduc* v. *Commonwealth*, 421 Mass. 433, 435-437 (1995) (license suspension or revocation on failing breathalyzer test is nonpunitive, civil sanction). Just as the initial suspension of a license or right to operate is a nonpunitive, civil matter, see *Powers* v. *Commonwealth*, *supra* at 538, the decision whether to restore the privilege after suspension is also a civil one.[4]

Because G. L. c. 90, § 24 (1) (*f*) (1), does not provide for judicial review of adverse license restoration orders, and such orders are civil in nature, the defendant's "appeal" can be viewed as a civil action in the nature of certiorari. G. L. c. 249, § 4. See *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass. App. Ct. 42, 46 (1993) (treating Superior Court proceeding reviewing District Court gun licensing decision as action in nature of certiorari, and concluding sole remedy for gun licensing decision is through certiorari action). In the future, litigants may obtain

---

[4] A legislative intent that such proceedings be considered civil is manifested in the statute: G. L. c. 90, § 24 (1) (*f*) (1), fourth par., directs judges to consider the evidence at a restoration hearing under the evidentiary standard applicable in civil cases, that is, whether the Commonwealth established "by a fair preponderance of the evidence" that restoration of the license "would likely endanger the public safety."

review of § 24 (1) (f) (1) license restoration orders entered in the District Court by means of a certiorari action brought in the Superior Court. G. L. c. 249, § 4.[5]

2. *Separation of powers.* Bauer does not challenge on appeal the substantive merits of the District Court judge's decision denying his motion for license restoration. Instead, he challenges the constitutionality of G. L. c. 90, § 24 (1) (f) (1), contending that it violates the separation of legislative, executive, and judicial powers mandated by art. 30 of the Massachusetts Declaration of Rights.[6] In his view, the authority to suspend and restore an operator's license or right to operate a motor vehicle lies within the exclusive purview of the executive branch of government. That is incorrect.

In enacting G. L. c. 90, § 24 (1) (f) (1), the Legislature allocated to the judiciary the power to make license restoration decisions following the entry of a not guilty finding or dismissal of charges under G. L. c. 90, § 24. The District Court judge's order declining to reinstate the operator's license does not violate art. 30, therefore, unless the statute constitutes an impermissible intrusion by the Legislature on the authority of the Registrar of Motor Vehicles within the executive branch. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 721 (1996) (where statute authorizes judge's disposition, question under art. 30 is whether Legislature improperly intruded on authority of executive branch). Where the function that the statute assigns to the courts to perform is "closely connected with and . . . incidental to strictly judicial

---

[5]Similarly, litigants aggrieved by G. L. c. 90, § 24 (1) (f) (1), license restoration orders entered in the Superior Court may obtain review through certiorari actions filed in the Supreme Judicial Court for the county of Suffolk. A single justice presented with such an action may well elect to transfer the matter to a single justice of the Appeals Court. G. L. c. 211, § 4A. G. L. c. 211A, § 12. See *Commissioners of Civil Serv.* v. *Third Dist. Court of E. Middlesex*, 2 Mass. App. Ct. 89, 90 (1974) (on report by single justice of Appeals Court, court considered G. L. c. 249, § 4, petition transferred from Supreme Judicial Court). See also *Dixon* v. *School Comm. of Framingham*, 5 Mass. App. Ct. 857 (1977); A. Cella, Administrative Law and Practice § 1917, at 493 (1986 & Supp. 2009).

[6]There is merit to the Commonwealth's claim that the defendant waived his constitutional challenge by failing to raise it before the District Court judge. Nevertheless, we consider the issue significant, and it has been fully briefed and is likely to arise again. Accordingly, we address it now. See *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 615 (2000), *S.C.*, 437 Mass. 1020 (2002) and 441 Mass. 1007 (2004).

proceedings[,] . . . the courts in obeying the statute" are not exercising executive or legislative powers in violation of art. 30. See *Opinion of the Justices*, 336 Mass. 765, 770 (1957), quoting *LaChapelle* v. *United Shoe Mach. Corp.*, 318 Mass. 166, 168 (1945).

There is nothing unconstitutional about the legislative allocation of authority over restoration decisions described in G. L. c. 90, § 24 (1) (*f*) (1). In *Commonwealth* v. *Crowell*, 403 Mass. 381, 387 (1988), we concluded that a judge's suspension of a defendant's operator's license at arraignment did not violate separation of powers principles, reasoning instead that G. L. c. 90, § 24N, "explicitly authorizes and directs a judge to act, in certain circumstances, to suspend a driver's license at arraignment. In doing so, a judge engages in a judicial and not in an executive function." Likewise, in considering, pursuant to c. 90, § 24 (1) (*f*) (1), whether the Commonwealth has rebutted the presumption that an individual's license should be restored following the entry of a not guilty finding or a dismissal of charges, a judge exercises judicial powers in accordance with the authority conferred by statute.

Nor can it be said that the statute improperly usurps executive branch powers. In formulating its "comprehensive regulatory scheme aimed at regulating the motorways and keeping them safe," *Luk* v. *Commonwealth*, 421 Mass. at 423, and in allocating some responsibilities to the executive department and others to the judiciary, there is no indication that the Legislature's allocation constituted impermissible interference with the executive department's functions. Cf. *Brach* v. *Chief Justice of Dist. Court Dep't*, 386 Mass. 528, 538-539 (1982) (in absence of statute authorizing courts to order temporary driver's license suspension and surrender of license to court, Chief Justice's order prescribing such steps intruded on executive branch in violation of art. 30; Legislature could, however, enact legislation providing for same result as part of court's sentencing functions, and no separation of powers violation would occur).

3. *Automobile law violation.* Finally, there is no merit to Bauer's argument that his license must be reinstated pursuant to G. L. c. 90, § 22D. That section provides that a license suspended "solely or in part because of an automobile law violation, as defined in [G. L. c. 90C, § 1], [shall be reinstated forthwith] if

the holder thereof is later found not guilty of such automobile violation."[7] The suspension of the defendant's license under G. L. c. 90, § 24 (1) (*f*) (1), resulted solely from his refusal to submit to a chemical test. It was not "suspended . . . because of an automobile law violation," and therefore § 22D does not apply.

4. *Conclusion.* For the reasons we have discussed, the order denying the defendant's motion to reinstate his license is affirmed.

*So ordered.*

---

[7]General Laws c. 90C, § 1, provides:

" 'Automobile law violation', [is] any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles other than a violation (1) of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established by any city or town or by any commission or body empowered by law to make such rules and regulations therein, or (2) of any provision of [G. L. c. 159B]."