# RESCRIPT OPINIONS.

KAZMIER J. KASPER *vs.* REGISTRAR OF MOTOR VEHICLES[1] & another.[2] No. 11-P-1444. July 6, 2012. *Registrar of Motor Vehicles,* Revocation of license to operate. *Practice, Civil,* Action in nature of certiorari. *Evidence,* Breathalyzer test.

The registrar of motor vehicles (RMV) revoked Kazmier J. Kasper's driver's license for refusing a breathalyzer test[3] pursuant to G. L. c. 90, § 24(1)(*f*)(1). This appeal followed review in the District Court pursuant to G. L. c. 90, § 24(1)(*g*), and a petition for certiorari in Superior Court pursuant to G. L. c. 249, § 4. Kasper argues that there was no factual support in the administrative record for the finding that he refused a breathalyzer test. We affirm.

1. *Jurisdiction.*[4] A petition for certiorari is the appropriate mechanism for appeal "in administrative proceedings where judicial review is otherwise unavailable." *State Bd. of Retirement v. Bulger,* 446 Mass. 169, 173 (2006). Here the sole mechanism for judicial review of the District Court decision was a petition for certiorari. The jurisdiction of the Appellate Division of the District Court encompasses only those civil matters that a party elects to bring in the District Court, not those that a party is compelled to bring in the District Court. See *Donnelly v. Montague,* 305 Mass. 14, 17 (1940). The appeal of a license suspension by the RMV is made to the District Court. See G. L. c. 90, § 24(1)(*g*). The statute is otherwise silent as to rights of appeal thereafter.

"In the area of administrative law, further review by the Appellate Division of petitions for review has not been favored, absent an unambiguous legislative intent to the contrary." *Walker v. Board of Appeals of Harwich,* 388 Mass. 42, 49 n.6 (1983). Suspension of a license after a refusal to submit to a breathalyzer test is not an "automobile law violation" as defined by G. L. c. 90C, § 1, see *Commonwealth v. Bauer,* 455 Mass. 497, 501-502 (2009), and therefore does not fall into the category of "civil motor vehicle infractions" that may be appealed to the Appellate Division of the District Court pursuant to G. L. c. 231, § 108, as amended by St. 2004, c. 252, § 15.

Because there was no other avenue for appeal, an action in the nature of certiorari to the Superior Court was appropriate, and jurisdiction lies in this

---

[1]The parties have variously referred to the defendant as registrar of motor vehicles and registry of motor vehicles. Consistent with the terms of G. L. c. 90, § 24(1), we use registrar of motor vehicles throughout this opinion.

[2]Stoughton Division of the District Court Department.

[3]The police arrested Kasper on June 15, 2010, for driving under the influence of intoxicating liquor and administered a breathalyzer test at that time.

[4]This court raised the question of jurisdiction on its own initiative.

court to review the Superior Court judge's decision. See *State Bd. of Retirement* v. *Woodward*, 446 Mass. 698, 703-704 (2006); *Bauer, supra* at 498-501; *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass. App. Ct. 42, 46 (1993); District Court Standing Order 1-08(6) (2008) (a District Court's decision on a suspension for refusal to take a chemical test "is not appealable to the Appellate Division"); Perlin & Connors, Civil Procedure in the Massachusetts District Court § 12.2, at 355 (4th ed. 2009 & Supp. 2012).

2. *Refusal to take breathalyzer test.* In our review, we "only inquire whether the [registrar's] decision was 'legally tenable and supported by substantial evidence on the record as a whole.' *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Comm'n*, 23 Mass. App. Ct. 410, 411 (1987)." *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 297 (1990). We "rectify only those errors of law which have resulted in manifest injustice to the plaintiff." *State Bd. of Retirement* v. *Bulger, supra* at 173 (citation omitted).

Kasper argues that there is no evidence in the record from which the RMV could find that he refused to take the breathalyzer test. The hearing officer found that Kasper gave one valid breath sample, which registered a blood alcohol content of 0.18 per cent (his first attempt), but did not provide a valid breath sample on any of the five subsequent attempts.[5] The failure to provide two adequate samples of breath was treated as a refusal by the State police and the hearing officer. See 501 Code Mass. Regs. § 2.16 (2010).[6]

The right to operate a motor vehicle in Massachusetts is a privilege that is conditioned upon obedience to the comprehensive regulatory scheme designed to keep the motorways safe. *Luk* v. *Commonwealth*, 421 Mass. 415, 423 (1995). General Laws c. 90, §§ 23 and 24, were enacted for the purpose of removing drivers under the influence of alcohol from the roads. *Commonwealth* v. *Dowler*, 414 Mass. 212, 215 & n.6 (1993). License revocation for refusal to submit to testing pursuant to G. L. c. 90, § 24(1)(*f*)(1), is a remedial, nonpunitive public safety measure. *Luk* v. *Commonwealth, supra* at 425-427.

In connection with this statutory scheme, the Secretary of Public Safety has adopted regulations concerning the failure to provide adequate breath samples. G. L. c. 90, § 24K. The relevant regulations provide that a driver must produce two adequate breath samples, and that the failure to do so will be "noted as a refusal." 501 Code Mass. Regs. § 2.16. In addition, the regulations provide that it is the driver's burden to show that he did not refuse to submit to the

---

[5]The record shows that the "air blank" and calibration tests were accurate. There was no suggestion of a mechanical malfunction of the breathalyzer at the hearing, or in arguments on appeal. Kasper's breath samples failed to register at any level. The hearing officer, after surveying cases where the failure to give two samples resulted in a finding of deliberate refusal, concluded that Kasper had also refused.

[6]Title 501 Code Mass. Regs. § 2.16, effective April 30, 2010, provides that if an arrestee initially cooperates but then "refuses to participate or declines to cooperate, the test shall be terminated and it shall be noted as a refusal." The hearing officer incorrectly relied on the prior equivalent version of 501 Code Mass. Regs. § 2.16, which provided that the failure "to supply two adequate breath samples upon request . . . shall be deemed a refusal." 501 Code Mass. Regs. § 2.56 (2006). We do not view the amendment as material, since the hearing officer made his own determination regarding refusal based on the record.

breathalyzer test. 540 Code Mass. Regs. § 11.02(5)(b) (1996).[7] We grant substantial deference to the RMV's interpretation and enforcement of its own regulations, which are consistent with the statutory purpose of public protection. See *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997).

The hearing officer found that "the Report of Refusal supplied by the State Police [met] the statutory requirements."[8] See 540 Code Mass. Regs. § 11.02(5)(a) (2006). At that point the burden shifted to Kasper to show he did not refuse. This is consistent with the general principle that the burden is properly borne by the party who has "freer access to the evidence." *Contres* v. *Director of Div. of Employment Sec.*, 396 Mass. 226, 231 (1985), quoting from Liacos, Massachusetts Evidence 41 (5th ed. 1981) (employer bears burden of proving wilful misconduct because the evidence is in the employer's possession). Likewise, the burden is properly shifted to one "who is trying to show that which is not normal, customary, honest, or regular." *Eliot Discount Corp.* v. *Dame*, 19 Mass. App. Ct. 280, 285 (1985). See Brodin & Avery, Massachusetts Evidence § 3.3.1 (8th ed. 2007). Here, the burden was on Kasper to explain why the breathalyzer test showed no reading for five of his breath samples, even though the "calibration standard analysis" of a sample with a known quantity of alcohol produced a correct result each time. See G. L. c. 90, § 24K, added by St. 1986, c. 620, § 17. See also note 5, *supra*.

The hearing officer provided Kasper with an opportunity to explain the absence of a reading on those five breath samples. Kasper offered no explanation. The hearing officer was entitled to draw the inference that the refusal to provide a second adequate sample was intentional. Lacking two samples, and lacking an explanation, the finding that Kasper had refused the test was supported by substantial evidence and was not manifestly unjust.

Kasper's reliance on *Commonwealth* v. *Curley*, 78 Mass. App. Ct. 163, 168 (2010) (*Curley*), is misplaced. *Curley* involved a criminal prosecution for operating under the influence in which the Commonwealth bore the burden of proof beyond a reasonable doubt that the defendant was intoxicated. The arresting officer testified that the defendant kept blowing with an open mouth, such that the machine received insufficient air for a reading, thereby bolstering the prosecution's claim that the defendant was in fact intoxicated. By contrast, this is a civil license suspension proceeding in which Kasper is charged with subverting the test. *Curley* does not stand for the proposition that an observable, deliberately defiant act on the part of the driver is required in order to find a refusal in a license suspension proceeding. Compare *id.* at 168; *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. 130, 137-138 (1986). The fact that Kasper initially provided an adequate sample of his breath but did not provide an adequate sample five times thereafter is sufficient to permit the

---

[7]Title 540 Code Mass. Regs. § 11.02(5)(b) provides as follows:

"If the hearings officer determines the Report of Refusal meets the statutory requirements, the burden is on the operator to show that one of the following factual issues, as set forth in [G. L.] c. 90, § 24(1)(g), was in the negative: . . . 3. did such person refuse to submit to such test or analysis."

[8]The hearing officer also heard testimony that Kasper stated he had had three or four martinis, that he was glassy-eyed and smelled of alcohol, that he stumbled and fell back into his car as he was stepping out of it, and that he drove erratically.

inference by the hearing officer that Kasper refused to take the breathalyzer test.

*Judgment affirmed.*

*Joseph P. Cataldo* (*Dana Alan Curhan* with him) for the plaintiff.

*Benjamin J. Weber,* Assistant Attorney General, for registrar of motor vehicles.